IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dantonyo Heath, | ) | C/A No. 5:19-cv-00433-SAL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Randall Williams, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Petitioner Dantonyo Heath ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On July 17, 2019, Respondent Randall Williams ("Respondent") filed a return with a memorandum of law in support, ECF No. 30, and a motion for summary judgment, ECF No. 31. On July 18, 2019, by order filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [ECF No. 32]. On August 1, 2019, Petitioner filed a motion to amend/correct the petition. [ECF No. 35.] On August 27, 2019, the Magistrate Judge issued an order directing Petitioner to advise the court by September 10, 2019, on whether he wishes to continue the case and file a response to the motion for summary judgment. [ECF No. 41.] On September 11, 2019, Petitioner filed a motion for extension of time to file a response to the motion for summary judgment. [ECF No. 43.] On

1

September 25, 2019, the Magistrate Judge denied Petitioner's motion to amend/correct and granted the motion for extension of time. [ECF No. 44.] On October 18, 2019, Petitioner responded to the motion for summary judgment. [ECF No. 46.] After receiving an extension of time, Respondent filed his reply on November 1, 2019. [ECF No. 51.]

On December 27, 2019, the Magistrate Judge issued a thorough Report, opining that this court should grant Respondent's motion for summary judgment and dismiss the petition because (1) the second part of Ground Two is procedurally barred and (2) Petitioner cannot succeed on the merits for his claims in Grounds One, Three, Four, and the first part of Two. [ECF No. 53.] The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Attached to the Report was the notice of right to file objections. *Id.* Respondent filed objections on December 19, 2019. [ECF No. 61.] Thus, the matter is ripe for review by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report

2

to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Petitioner asserts four grounds for relief—all for ineffective assistance of counsel:

> **GROUND ONE:** Ineffective assistance of counsel for failure to raise Confrontation Clause violation/denial of counsel during critical stage.
>
> **GROUND TWO:** Ineffective assistance of counsel for failure to challenge state's case.
>
> Part 1: Petitioner contends he was denied counsel at trial when counsel failed to put challenge "victim Jordan identification and the use of a nickname as well as Amanda Crane's in-court identification and improper evidence used from first trial was used in second trial. The inconsistencies were not challenged and counsel made no objection. Was critical stage." (errors in original).
>
> Part 2: "Petitioner contends evidence was not sufficient to establish crime of armed robbery when victim testimony shows no demand for money was made and evidence Presented does not establish all elements of crime." (errors in original).
>
> **GROUND THREE:** Ineffective assistance of counsel for failure to object to double jeopardy.
>
> **GROUND FOUR:** Ineffective assistance of counsel for failure to investigate.

4

[*See* ECF No. 1.] The Report opines that only Part 2 of Ground Two is procedurally barred. After thoroughly analyzing the applicable law and the record, the Report further recommends this court grant summary judgment in favor of Respondent on Grounds One, Three, Four, and Part 1 of Ground Two. Petitioner submits three objections to this court,[1] each of which is discussed, in turn, below.

Petitioner's first and "main" objection is that the "Magistrate Judge improperly analyzed his claim under the test announced in *Strickland*, when the claim should have been analyzed under *United States v. Cronic*, 466 U.S. 648 (1984)." [ECF No. 61 at p.3.] In his objection, Petitioner repeats, practically verbatim, the analysis of this issue by the Honorable Patrick M. Duffy in *Graves v. Padula*, 773 F. Supp. 2d 611 (D.S.C. 2010). *Compare* ECF No. 61 at pp.3–4 (beginning with "Petitioner's main objection . . ."), *with Graves*, 773 F. Supp. 2d at 618–19 (same). Like in *Graves*, Petitioner contends that his claims of ineffective assistance of counsel come under the first prong of *Cronic* because he was denied counsel at a critical stage. And, like in *Graves*, this court finds "Petitioner's objection to be without merit." 773 F. Supp. 2d at 621.

In *Cronic*, the United States Supreme Court held that in rare cases, prejudice for purposes of the *Strickland* analysis[2] may be presumed. 466 U.S. at 659; *see also Glover v. Miro*, 262 F.3d 268, 275 (4th Cir. 2001) (citing *Cronic*, 466 U.S. at 659). Here, Petitioner contends he was denied counsel at a critical stage,[3] "the stage that would determine whether Petitioner was retried for the

---

[1] Petitioner does not submit specific objections as to the Report's analysis of Grounds One and Four or the second part of Ground Two. Accordingly, the court reviewed those portions of the Report for and found no clear error.

[2] In *Strickland*, the United States Supreme Court set forth a two-part test for deciding ineffective assistance of counsel claims: (1) defendant must show that the attorney's performance was deficient and (2) the defendant must show that the deficient performance resulted in actual prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] This is the first presumed prejudice example under *Cronic*. A trial would be presumptively unfair where there is a "complete denial of counsel" at a "critical stage." *Cronic*, 466 U.S. at 659.

5

same offense." [ECF No. 61 at p.5.] This objection relates specifically to the Report's consideration of Ground Three.

In Ground Three, Petitioner claims his trial counsel was ineffective for failing to object to double jeopardy. [ECF No. 1 at p.8.] The Report notes that "[d]uring the PCR hearing, Petitioner testified his counsel raised a double jeopardy claim," that "[t]rial counsel testified he moved for a mistrial due to double jeopardy," and that "his motion was denied." [ECF No. 53 at p.24 (citing App. 868, 882).] Further, the PCR court found the ineffective assistance of counsel claim was without merit, given that the trial counsel moved to dismiss the charges based on double jeopardy. *Id.* The Report ultimately concludes that "Petitioner has not shown the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable." *Id.* Petitioner's objection does not change this result.

First, Petitioner fails to identify how the handling of the double jeopardy issue equates to denial of counsel at a critical stage. Given the record before this court, it is apparent that Petitioner had trial counsel who filed a motion on the double jeopardy issue. Second, Petitioner fails to identify—and the court is unaware of—any controlling case law holding that this scenario presents a "novel question of law," as Petitioner contends. The PCR court found the ineffective assistance of counsel allegation to be without merit. This court is unable to conclude that the state court's adjudication of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Thus, Petitioner has failed to demonstrate prejudice as required by *Strickland* or *Cronic* and, therefore, the court dismisses the claim.

Petitioner's second objection relates to the Report's initial conclusion that Petitioner's failure to challenge the trial court's denial of the motion to suppress Amanda Crane's identification in his

appeal and his failure to argue that his trial counsel was ineffective for failing to challenge the basis for Amanda Crane's identification of Petitioner rendered the claims procedurally defaulted. [*See* ECF No. 61 at pp.15–16; ECF No. 53 at pp.22–23.] Petitioner claims that the claims are preserved for habeas review under *Anders v. California*, 386 U.S. 738 (1967).

*Anders* requires that when counsel seeks to withdraw from a case for being "wholly frivolous," he must submit a brief referencing anything in the record that arguably could support an appeal. The brief is submitted to the defendant and, once the defendant submits a response, the reviewing court conducts a full examination of the proceedings to determine if further review is warranted. *Anders*, 386 U.S. at 744. Under *Anders* and *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), the South Carolina appellate court reviews all of the issues raised to and ruled on by the PCR court.

In this case, reading the Report in its entirety, it appears that the finding of procedural default as limited to one narrow issue: Petitioner's claim that the court erroneously denied the "motion to suppress Amanda Crane's identification *because* Ms. Crane *did not give a clear description of* Petitioner to the police at the time of the incident." [ECF No. 53 at p.22 (emphasis added).] The PCR court considered a different issue, namely the fact that "[Amanda Crane's] identification was based on seeing Applicant at a bond hearing and in an online photo." *Id.* at p.5 (citing App. 900–08). The Report was unable to conclude that the "clear description" objection was raised to and ruled upon by the PCR court. As a result, the Report found the issue procedurally defaulted. *Id.* at p.23. Petitioner's objection does not change this analysis.

Moreover, the Report did not stop its analysis after concluding procedural default. Instead, it proceeded to the merits of the issue, finding that Petitioner failed to present sufficient evidence to show that the state courts' rejection of the claim was contrary to, or involved an unreasonable application of, clearly established federal law. *Id.* Petitioner's objection fails to address the

7

substantive argument and this court finds that summary judgment in favor of Respondent is appropriate.

Finally, the court finds that Petitioner's third objection fails for lack of specificity. [ECF No. 61 at p.23.] The objection fails to point to any purported errors in the Report. Instead, it references his opposition to the motion for summary judgment. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley*, 2007 WL 821181, at *1. Accordingly, the court reviewed for clear error and, having found none, rejects the general objection.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 53] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this court that Respondent's motion for summary judgment [ECF No. 31] is **GRANTED** in its **ENTIRETY**, and the petition [ECF No. 1] is **DISMISSED** with prejudice and without an evidentiary hearing.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 18, 2020
Florence, South Carolina

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."